EXHIBIT E

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLETTE SNEED,<br>Plaintiff,<br>vs.<br><br>CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE, GMAC/SILVERSTATE,<br>Defendants. | CASE NO. 07CV0729-LAB (AJB)<br><br>**ORDER GRANTING DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA'S MOTION TO DISMISS; and ORDER PURSUANT TO FED. R. CIV. P. 11** |

On April 20, 2007, Plaintiff filed her complaint, styled "Complaint to Action of Quiet Title/Lis Penden." [sic]. The caption identifies three broad theories of recovery. The first is violation of the Truth in Lending Act's Regulation Z and related statutes; the second is invasion of Title pursuant to various cited authorities, including Regulation Z. The third specifies no basis for recovery but merely mentions the International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes (the "U.N. Convention"), House Joint Resolution 192[1] (identified as "the United States

[1] Plaintiff identifies this as "the United States insurance policy." It appears to refer to H.R. J. Res. 192, 73rd Cong. (1933), which deals with the standards for currency. *See United States v. Lee*, 427 F.3d 881, 888 (11th Cir. 2005) (describing a letter sent to a bank, referencing House Joint Resolution 192).



EXHIBIT E
PAGE 43

insurance policy") and the "Emergency Bankruptcy of 1933" [sic], and Am.Jur.2d 81. Plaintiff also references RICO and mentions constructive fraud, and counterfeiting of securities. In fact, the dispute apparently concerns loans secured by six parcels of real property in California and Arizona.

On May 16, 2007, Defendant First Federal Bank of California ("First Federal") filed a motion to dismiss. On June 7, 2007, Defendant Countrywide Home Loans, Inc. ("Countrywide") filed its own motion to dismiss. No other Defendants have yet appeared in this action, nor have any other Defendants joined in First Federal's motion, which addresses Plaintiff's standing in connection with one of the properties. The Court therefore construes First Federal's motion as applying only to claims against it. Plaintiff attempted to file an opposition ten days late, just two court days before the scheduled hearing, which was rejected by discrepancy order.

**I. Legal Standards**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party, drawing all reasonable inferences from the allegations in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

However, the Court does not accept unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (citations, alterations, and internal quotation marks omitted).

/ / /



EXHIBIT E
PAGE 44

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.")

If a motion to dismiss is granted, the court may grant leave to amend. Leave should be granted unless "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

Allegations asserted by parties proceeding *pro se*, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 519–20 (1972). Thus, the Court liberally construes the pleadings of *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court will not supply facts Plaintiff has not pled. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Discussion**

Defendant First Federal argues the complaint should be dismissed because Plaintiff has not pled facts showing either that she has standing to sue or why relief can be granted. First Federal contends Plaintiff does not own or reside in the real property located at 2402 Cullivan Street, in Inglewood, California.

First Federal offers a number of factual contentions it believes shows Plaintiff's Regulation Z theory must fail. It states: 1) its disclosure to Plaintiff was proper on its face; 2) Plaintiff has not alleged she provided written communication of her intent to rescind; 3) Plaintiff failed to offer restitution; and 4) the statute of limitations on rescission has expired. While the Court does not weigh evidence at this stage, *Cahill*, 80 F.3d at 337–38 (setting forth standard for Rule 12(b)(6) motion), the Court construes these contentions as pointing out the incompleteness of Plaintiff's factual allegations. First Federal's essential argument



EXHIBIT E
PAGE 45

is that Plaintiff is committing fraud by obtaining loans secured by property then, after the property has been sold, attempting to rescind the loans and keep the money.

**A. The Complaint**

The complaint is largely unintelligible, consisting of unrecognizable citations and legal terminology. The citations and argument appear to duplicate the body of at least one other complaint recently filed in this district. *See, e.g.*, *Belle v. Chase Home Finance LLC*, No. 06cv2454, 2007 WL 1518341, *1 (S.D.Cal., May 22, 2007) (describing in detail a substantially identical complaint). However, the core of the complaint in this case appears to be that Plaintiff is dissatisfied in various ways with the way the loans on the subject properties were handled, and seeks damages, rescission of the loan agreements, and return of the properties.

As Defendant First Federal correctly points out, Plaintiff has failed to plead facts showing she would be entitled under any theory to recover damages or obtain possession of the property. Plaintiff has not alleged what her relationship to the properties in question was. On the face of the complaint it is obvious none of the properties is her residence,[2] as would be required to invoke a consumer's right to rescind. *See* 12 C.F.R. § 226.23(a) (pertaining to right of rescission, and referencing "a consumer's principal dwelling").[3] Furthermore, although Plaintiff alleges she rescinded the loans, she does not allege facts telling how she did so, but rather seems to assert that her rescission, however accomplished, was valid. This is too conclusory to withstand the Fed. R. Civ. P. 12(b)(6) standard.

Plaintiff references several international agreements or declarations, including the U.N. Convention, the International Protocol and Domicile Rule, and the Universal Declaration on Human Rights which she also refers to as the International Bill of Rights. The U.N.

---

[2] The title page of the complaint gives Plaintiff's address in San Diego, California. None of the properties at issue in this case are located at that address, nor are any of them even in San Diego.

[3] First Federal cites no authority for the proposition that ownership of the residence affects jurisdictional standing. Therefore, the Court will not weigh evidence at this stage, as it would in the case of a Rule 12(b)(1) motion. Autery v. U.S. 424 F.3d 944, 956 (9th Cir. 2005) (holding that a district court may weigh evidence on a Rule 12(b)(1) challenge to jurisdiction).



EXHIBIT E
PAGE 66

Convention has not been ratified by the U.S. Senate and therefore does not give rise to a cause of action. After extensive research, no International Protocol and Domicile Rule was located. Finally, the Universal Declaration of Human Rights is a declaration by the United Nations, not a treaty. *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 818,(D.C.Cir. 1984) (citing authority for the principle that the Universal Declaration on Human Rights "is not a treaty; it is not an international agreement. It is not and does not purport to be a statement of law or of legal obligation.") Although the United States voted for it, the Universal Declaration on Human Rights does not support Plaintiff's cause of action.

In short, the complaint does not state a claim against Defendant First Federal.

**B. Fed. R. Civ. P. 11 Notice**

Plaintiff's allegations concerning the loans appear to be contradictory. She alleges both that Defendants never loaned anything of value (Complaint at 7:21–8:3 ("[T]here is evidence that [Defendants] never loaned anything to Charlette Sneed . . . ."); *id.* at 10:15–16 ("[N]o lawful money was lent to the Plaintiff."); *id.* at 11:13–14 (suggesting Defendants lent counterfeit securities)) and also that payment of the loan in full was attempted (*id.* at 7:17–20 ("[A] payment in full was dishonored by [Defendants] . . . .") The nature of the alleged business relationship, where nothing of value was lent but where Plaintiff attempted to repay the loan anyway, is never explained.

The resolution of this paradox appears to be that Plaintiff does not recognize U.S. Federal Reserve notes as legal tender (or "lawful money," as she terms it). Plaintiff repeatedly either implies or asserts that Defendants did not lend lawful currency. (Complaint at 5:1–6:2 (giving H.R. J. Res. 192, 73rd Cong. (1933) as the basis for identifying the loans as faulty); *id.* at 11:13–14 (accusing Defendants of depositing counterfeit securities into her account); *id.* at 13:2–15 (alleging Defendants should have disclosed the fact that they were not lending "lawful money," and asserting that pursuant to U.S. Const. Art I, § 10, cl. 1, "the only lawful tender is gold and silver coin"); *id.* at 14:21–22 (arguing the U.S. Constitution prohibits dealing in "Bills of credit")). In particular, Plaintiff reveals her thinking in a boldface

/ / /



EXHIBIT E
PAGE 67

paragraph citing what purport to be cases of Minnesota state courts[4] for the proposition that "Federal Reserve Notes [are] fiat money and not legal tender . . . ." (*Id.* at 14:4–11.)

Pursuant to Fed. R. Civ. P. 11, the Court hereby admonishes Plaintiff that these arguments are legally frivolous. It has long been established that Federal Reserve Notes are legal tender and that legal tender need not consist of silver or gold coin. *See generally Norman v. Baltimore & Ohio R. Co.*, 294 U.S. 240, 303, 55 S.Ct. 407, 414 (1935) (explaining the validity and effect of federal acts providing for the issuance of currency, and affirming the status of Federal Reserve notes and circulating notes of Federal Reserve banks and national banking associations as legal tender); *Foret v. Wilson*, 725 F.2d 254, 254–55 (5th Cir. 1984) ("[The] argument, that only gold and silver coin may be constituted legal tender by the United States, is hopeless and frivolous, having been rejected finally by the United States Supreme Court one hundred years ago. ") (citing *Juilliard v. Greenman*, 110 U.S. 421 (1884)). Furthermore, it is equally well-established that checks or other instruments redeemable for Federal Reserve notes have value. *United States v. Wangrud*, 533 F.2d 495, 495 (9th Cir. 1976) (affirming conviction of defendant who refused to pay taxes on the grounds that he received checks, not money, and noting that defendant's arguments had "absolutely no merit.") Finally, U.S. Const., § 10, cl. 1 merely restricts the powers of states, not the federal government, to issue money. Although Plaintiff is proceeding *pro se*, Rule 11 applies to her. Should she continue to offer frivolous arguments, she will be subject to sanctions.

Furthermore, the Minnesota cases cited by Plaintiff are not only unreported, but they have been vacated by the Minnesota Supreme Court in reported decisions. *See In re Daly*, 171 N.W.2d 818; *Zurn v. Northwestern Nat. Bank of Minneapolis*, 170 N.W.2d 600, 284 Minn. 573 (Minn. 1969); *Daly v. Savage State Bank*, 171 N.W.2d 218, 218, 285 Minn. 503, 503 (Minn. 1969). Plaintiff is hereby admonished she must not cite any decision under which

---

[4] Plaintiff identifies these cases as *Jerome Daly v. First National Bank of Montgomery, Minn.*, and *Justice Martin v. Mahoney Credit River Township*, December 7–9, 1968. In fact, these appear to be unreported decisions with garbled captions. Martin V. Mahoney was a justice of the peace of Scott County, Minnesota who, together with attorney Jerome Daly, was the subject of prohibition and contempt proceedings in the Minnesota Supreme Court in 1969. *See In re Daly*, 171 N.W.2d 818, 820, 284 Minn. 567, 567 (Minn. 1969).



EXHIBIT E
PAGE 48

Justice Martin Mahoney purported to question the validity of federal currency or the Constitutionality of the Federal Reserve Act, nor may she cite any opinion or decision as authoritative which no longer has authoritative status.

Plaintiff's rejected late opposition to First Federal's motion to dismiss consists almost entirely of similar arguments and references to similar purported authorities; thus, even if it had been timely and accepted for filing, the opposition would not have been pertinent.

**III. Conclusion and Order**

For the preceding reasons, all claims against Defendant First Federal are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff is directed to review Fed. R. Civ. P. 11. In view of the lateness of Plaintiff's attempted filing of her opposition, and the condition of the document, Plaintiff is directed to review Civil Local Rules 5.1(a) and 7.1(e).

**IT IS SO ORDERED.**

DATED: June 26, 2007

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**
United States District Judge



EXHIBIT E
PAGE 69

EXHIBIT F

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE POPE,<br>Plaintiff,<br>vs.<br>COUNTRYWIDE HOME LOANS et al.,<br>Defendants. | CASE NO. 07CV925 JLS (AJB)<br>ORDER (1) ACKNOWLEDGING VOLUNTARY DISMISSAL and (2) DENYING MOTIONS AS MOOT<br>(Doc. Nos. 13, 15, 17, 21, 24, 27) |

Presently before the Court is plaintiff's "Judicial Notice of Dismissal."[1] (Doc. No. 27.) Where, as here, the notice of dismissal is filed "before service by the adverse party of an answer or of a motion for summary judgment," dismissal does not require an Order of the Court. Fed. R. Civ. P. 41(a)(1)(ii). Therefore, this action **HAS BEEN DISMISSED WITHOUT PREJUDICE**. The Clerk **SHALL CLOSE** the case. The Court **DENIES AS MOOT** plaintiff's motion for summary judgment (Doc. No. 13) and defendants' motions to dismiss (Doc. Nos. 15, 17, 21, & 24.)

//

//

//

---

[1] Plaintiff brings her notice pursuant to Federal Rule of Civil Procedure 41(b), which allows a <u>defendant</u> to move for dismissal. Therefore, the Court construes plaintiff's notice as a notice for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).



EXHIBIT F
PAGE 10

IT IS SO ORDERED.

DATED: October 3, 2007

Janis L. Sammartino
Honorable Janis L. Sammartino
United States District Judge



EXHIBIT F
PAGE 71

**EXHIBIT G**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY L. BELLE, Plaintiff, vs. CHASE HOME FINANCE LLC; LOANSTAR MORTGAGE SERVICES, LLC; and NOVASTAR MORTGAGE, INC., Defendants. | CASE NO. 06CV2454 WQH (LSP) ORDER RE: DEFENDANT'S MOTION TO DISMISS |

HAYES, Judge:

Pending before the Court is the motion to dismiss filed by Defendant Chase Home Finance, LLC and joined by Loanstar Mortgage Services, LLC. (Docs. # 39, 40). The court finds this matter suitable for submission on the papers without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**PROCEDURAL BACKGROUND**

On November 7, 2006, Plaintiff Rodney L. Belle filed the Complaint in this matter, asserting various claims against Defendants Chase Home Finance, LLC (Chase), Loanstar Mortgage Services, LLC (Loanstar), Marriot Vacation Club International (Marriot), and Novastar Mortgage, Inc. (Novastar). (Doc. # 1). On December 1, 2006, Defendant Chase moved to dismiss the Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6), and in the alternative, moved for a more definite statement pursuant to FED R. CIV. P. 12(e). (Doc. # 3). On December 5, 2006, Defendant Marriot moved to dismiss for lack of personal jurisdiction, insufficiency of service of process, and



EXHIBIT G
PAGE 72

failure to state a claim pursuant to FED R. CIV. P. 12(b)(2), (b)(5), and (b)(6). (Doc. # 4). On May 18, 2007, Loanstar joined Chase's motion to dismiss. (Doc. # 35). On May 22, 2007, the Court granted the Defendants' motions to dismiss without prejudice. (Doc. # 37).

On June 21, 2007, Plaintiff Belle timely filed an amended complaint. (Doc. # 38). On July 9, 2007, Defendant Chase again moved to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6). (Doc. # 39). On July 12, 2007, Loanstar joined Chase's motion to dismiss. (Doc. # 40). Plaintiff Belle did not file an opposition to Defendant Chase's motion to dismiss.

## ALLEGATIONS OF THE AMENDED COMPLAINT

In his Amended Complaint, Plaintiff Rodney Belle alleges that in or about July of 2006, he entered into an agreement with Defendants Chase, Lonestar, and Novastar. *Amended Complaint* at 6. Though it is not entirely clear, the agreement appears to pertain to real properties located in San Diego and San Bernardino. *Amend. Compl.* at 2. Plaintiff alleges that he "honored/ tendered in full with good faith funds the said amount of the property ($400,000.00 to over $600,000.00) by commercial instrument No. 4443800530 . . . ." *Amend. Compl.* at 7.

Plaintiff specifically alleges that

> [t]his controversy involves real properties; located at 640 Pyramid St. San Diego, CA 92114 (loan no. 20929816 of Chase Home Finance, LLC and Loanstar Mortgage Service, LLC/ Loan No. 2013993 Nova Star Mortgage Inc. /Loan No. 0014405549 and Second Location 777 W. 27th , San Bernardino Ca.92405 and this said amount of the controversy is under Nine Hundred Thousand dollars.

*Amend. Compl.* at 2.

Ostensibly related to the above agreement, or perhaps related to a "settlement agreement" or other "stipulations," Plaintiff alleges that Defendants "dishonored/failed to give full disclosure pursuant to regulation Z of the Truth-in-Lending Act pursuant to the Freedom of Information Act . . . ." *Amend. Compl.* at 7. In addition, Plaintiff alleges that Defendants failed to "sign under there [sic] full commercial liability under the penalty of perjury by sworn Affidavit/ Jurat that...lawful money was loaned out . . . ." *Amend. Compl.* at 8. Plaintiff alleges that Defendants have engaged in "dishonor/ unethical and outrageous business practice" and that the "general public and the public at large are in jeopardy due to these unethical business practices . . . ." *Amend. Compl.* at 9.



EXHIBIT G
PAGE 13

Plaintiff appears to allege that Defendants "counterfeited securities" in violation of the Security and Exchange Commission Act of 1933 and 1934. *Amend. Compl.* at 11-13. Plaintiff also alleges that Defendants violated the International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes. *Amend. Compl.* at 11-12, 17. Finally, Plaintiff briefly alleges a breach of contract (*Amend. Compl.* at 9), violation of the Racketeer Influenced and Corrupt Organizations Act (*Amend. Compl.* at 17), a violation of the Uniform Commercial Code (*Amend. Compl.* at 10) and a violation of the Federal Tort Claims Act (*Amend. Compl.* at 5).

Although it is difficult to discern what relief Plaintiff is requesting, it appears Plaintiff would like the Court to enforce the terms of an undisclosed "settlement agreement" and or order reconveyance of a deed of trust. *Amend. Compl.* at 7, 21-22.

**STANDARD OF REVIEW**

FED. R. CIV. P. 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). "The Federal Rules adopt a flexible pleading policy; however every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly." *Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006). When presented with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support his claims." *Rasidescu,* 435 F. Supp. 2d at 1099.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id., citing* FED R. CIV. P. 8(a)(2). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further,



EXHIBIT G
PAGE 74

must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). In considering a Rule 12(b)(6) dismissal, a court may not look beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

**DISCUSSION**

Defendants Chase and Loanstar move to dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants contend that Plaintiff's Amended Complaint fails to cure any of the deficiencies identified by the Court in the order granting Defendant's motion to dismiss Plaintiff's original Complaint. Defendants further contend that the Amended Complaint does not comply with FED. R. CIV. P. 8(a), and that the Amended Complaint contains insufficient allegations to support the various claims. Defendants request that the Court dismiss Plaintiff's Amended Complaint with prejudice because "further leave to amend would be futile." (Doc. # 39 at 3).

**A. Whether Plaintiff's Amended Complaint Complies with Rule 8(a)**

Defendants assert that Plaintiff's Amended Complaint is undecipherable, confusing, and contains varied references to a number of laws without distinguishing among the various claims being alleged. In addition, Defendants contend that the Complaint's factual allegations are insufficient to support the claims.

FED. R. CIV. P. 8(a), requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint satisfies Rule 8 if it gives the Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), *citing Gibson*, 355 U.S. at 47. A complaint fails to give fair notice when it is "so verbose, confused, and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1956).

Plaintiff's Amended Complaint is twenty-five pages long, and it is titled "Amended Complaint to Action to Quiet Title /Lis Penden." After reviewing the Amended Complaint, it is still unclear whether Plaintiff is in fact seeking an action to quiet title. As in Plaintiff's previous Complaint, the Amended Complaint is essentially devoid of references to "quiet title" outside of



EXHIBIT G

PAGE 75

the case caption and page numbering. In its Order dated May 22, 2007, the Court directed Plaintiff to support his quiet title claim with clear factual allegations including who owns the referenced property, whether it is subject to adverse claims, and whether Defendants have an interest in the property. (Doc. # 37 at 6). Plaintiff has failed to include any of these factual elements in his Amended Complaint. (Doc. # 38). Instead, Plaintiff created further confusion by identifying a second piece of property located in San Bernardino which apparently relates to his quiet title claim. With respect to the second piece of property, Plaintiff has again failed to allege any of the necessary elements to support an action to quiet title. *See also* CAL. CODE CIV. PROC. § 761.020. Plaintiff has failed to include a legal description of the property, the basis on which he claims title to the property, or an identification of any adverse claims by Defendants to Plaintiff's title. CAL. CODE CIV. PROC. § 761.020. Without these necessary elements, Defendants are unable to frame an appropriate response to Plaintiff's allegations. The Court concludes that Plaintiff has neither stated a claim for, nor put the Defendants on fair notice of, a claim to quiet title.

Plaintiff also attempts to assert a claim for violation of the Truth-in-Lending Act, *see* 15 U.S.C. § 1601, specifically Regulation Z. *See* 15 C.F.R. § 226.1. Although Plaintiff refers to Regulation Z repeatedly throughout the Amended Complaint, he never specifies which of its provisions he contends Defendants violated. Regulation Z contains four sub-parts and appendices, and each subpart relates to a different type of transaction and is governed by particular rules and requirements, e.g. "Open-end credit," "closed-end credit," "oral disclosures," and "special rules for mortgage transactions." *See* 15 C.F.R. § 226.1(d)(1-6). In its previous order the Court advised Plaintiff to provide additional detail to his Regulation Z claim because the incoherent allegations in the original complaint were not sufficient to allow Defendants to frame a responsive pleading. The Amended Complaint, however, does not succeed in curing the defects previously enumerated by the Court. Plaintiff again makes reference to Defendants' failure to disclose that "lawful money was loaned out," but does not specify why this constitutes a violation of Regulation Z. *Amend. Compl.* at 7. Plaintiff also alleges that Defendants violated Regulation Z by declining "to have an independent, certified accountant to review the lawful money that was originally loaned to see if there was unclean hands in the above matter." *Amend. Compl.* at 12. Yet Plaintiff does not

identify the provisions of Regulation Z that require such review. The Court concludes that these allegations do not, standing alone, properly assert a claim for violation of Regulation Z given the breadth, scope, and detail of the statute. In addition, Plaintiff again makes reference to *Yanamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), but does not explain how that case is relevant to the circumstances alleged here. In *Yanamoto*, the court held that a mortgagee seeking rescission of a mortgage based on a violation of the Truth and Lending Act can be required to provide evidence that they can tender the proceeds of the loan before the court reaches the merits of the alleged violation. *Id.* at 1173. The only thing that the Court can glean based on the *Yanamoto* reference is that Plaintiff may have tried to rescind an agreement. However, due to the lack of supporting allegations, it is not clear exactly what agreement Plaintiff may have attempted to rescind. The Court concludes that the Amended Complaint does not allege facts which establish the applicability of Regulation Z. *See* 15 C.F.R. § 226.1(c)).

In his original complaint, Plaintiff alleges that Defendants have counterfeited securities in "violation of the Securities and Exchange Commission Act of 1933 and 1934." *Amend. Compl.* at 12. However, Plaintiff again fails to provide any details or factual allegations to support his securities counterfeiting claim. Plaintiff appears to contend that Defendants violated the Act because Defendants "declined in setting a public conference and invitation of the press/ media...to answer one hundred and fifty questions" and "refuse to give full disclosure that check book entries/ debit credit was created, and no lawful money was lent to Plaintiff." *Amend. Compl.* at 12. Though the Amended Complaint does identify specific code sections from the Act, it does not explain how Defendants' conduct constitutes a violation of those sections. Plaintiff does not specify what security Defendants allegedly counterfeited. The Court concludes that Plaintiff has neither stated a claim for, nor put the Defendants on fair notice of, a securities counterfeiting claim.

The Amended Complaint alleges that Defendants violated the "International Protocol/ Treaty with the United States United Nations Convention on International Bills of Exchange and International Promissory Notes." *Amend. Compl.* at 12-13, 17. The United Nations Convention on International Bills of Exchange and International Promissory Notes (UN Convention) applies to



EXHIBIT G
PAGE 17

international bills of exchange and promissory notes. It is difficult, however, for the Court to determine how Defendants violated the UN Convention. There is nothing on the face of the Amended Complaint to indicate the presence of an international transaction. All of Plaintiff's allegations appear to revolve around two pieces of property, one located in San Diego, and the other located in San Bernardino, and Plaintiff does not explain how the UN Convention is implicated by his ownership of real property located solely in the United States. Further, Plaintiff does not allege that Defendants are foreign nationals or that the loan originated from a bank located in a foreign nation. Plaintiff does refer to himself as "the Secured Party, Rodney L. Belle/a Foreign state National" (*Amend. Compl.* at 1, 4, 5). However Plaintiff fails to indicate how his putative status as a foreign state national establishes the applicability of the UN Convention. *Amend. Compl.* at 1, 4, 5. Plaintiff's UN Convention claim suffers from the same lack of specificity identified by the Court in its order of May 22, 2007. (Doc. # 37). Plaintiff fails to indicate what portion of the UN Convention the Defendants violated, and how Defendants violated it. The Court concludes that the Amended Complaint does not allege facts which establish the applicability of, or a violation of, the UN Protocol.

The Amended Complaint makes references to other federal claims, including violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (*Amend. Compl.* at 17), the Freedom of Information Act (FOIA) (*Amend. Compl.* at 7, 15,16), the Federal Tort Claims Act (FTCA) (*Amend. Compl.* at 5), the National Banking Association Act of 1863 (*Amend. Compl.* at 19), the Emergency Bankruptcy Act of 1933 (*Amend. Compl.* at 19), and the Bankruptcy Reform Act of 1978 (*Amend. Compl.* at 14). However, after reviewing the entirety of the Amended Complaint, the Court is unable to determine the specific nature of the claims asserted, how the claims relate to the allegations of the Complaint, and which sections or subsections of the various Acts or statutes Defendants have allegedly violated.

**CONCLUSION**

After reviewing the Amended Complaint, the Court concludes that Plaintiff has failed to state a claim for quiet title, for violation of the Truth-in-Lending Act, or for any other federal or state law. Accordingly, Defendant Chase's motion to dismiss (Doc. # 39) for failure to comply

with FED. R. CIV. P. 8(a) & 12(b)(6), joined by Defendant Loanstar (Doc. # 40), is GRANTED. Plaintiff's Complaint is dismissed in its entirety, but without prejudice.

Plaintiff has thirty days from the date this Order is stamped "filed," to file and serve a Second Amended Complaint. *See* Local Civil Rules 4.1; 15.1. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff shall cure the deficiencies outlined in this Order. If Plaintiff fails to file a Second Amended Complaint within the time allowed, or fails to cure the deficiencies of his previous Complaints, the Court will terminate this case with prejudice.

IT IS SO ORDERED.

DATED: October 31, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge



EXHIBIT G

PAGE 79