EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. BELLE, Plaintiff, vs. CHASE HOME FINANCE LLC; LOANSTAR MORTGAGE SERVICES, LLC; and NOVASTAR MORTGAGE, INC., Defendants. | CASE NO. 06CV2454 WQH (LSP) ORDER RE: DEFENDANT'S MOTION TO DISMISS |

HAYES, Judge:

Pending before the Court is the motion to dismiss filed by Defendant Chase Home Finance, LLC and joined by Loanstar Mortgage Services, LLC. (Docs. # 39, 40). The court finds this matter suitable for submission on the papers without oral argument pursuant to Local Civil Rule 7.1(d)(1).

## PROCEDURAL BACKGROUND

On November 7, 2006, Plaintiff Rodney L. Belle filed the Complaint in this matter, asserting various claims against Defendants Chase Home Finance, LLC (Chase), Loanstar Mortgage Services, LLC (Loanstar), Marriot Vacation Club International (Marriot), and Novastar Mortgage, Inc. (Novastar). (Doc. # 1). On December 1, 2006, Defendant Chase moved to dismiss the Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6), and in the alternative, moved for a more definite statement pursuant to FED R. CIV. P. 12(e). (Doc. # 3). On December 5, 2006, Defendant Marriot moved to dismiss for lack of personal jurisdiction, insufficiency of service of process, and



EXHIBIT 13

PAGE 28

failure to state a claim pursuant to FED R. CIV. P. 12(b)(2), (b)(5), and (b)(6). (Doc. # 4). On May 18, 2007, Loanstar joined Chase's motion to dismiss. (Doc. # 35). On May 22, 2007, the Court granted the Defendants' motions to dismiss without prejudice. (Doc. # 37).

On June 21, 2007, Plaintiff Belle timely filed an amended complaint. (Doc. # 38). On July 9, 2007, Defendant Chase again moved to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6). (Doc. # 39). On July 12, 2007, Loanstar joined Chase's motion to dismiss. (Doc. # 40). Plaintiff Belle did not file an opposition to Defendant Chase's motion to dismiss.

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In his Amended Complaint, Plaintiff Rodney Belle alleges that in or about July of 2006, he entered into an agreement with Defendants Chase, Lonestar, and Novastar. *Amended Complaint* at 6. Though it is not entirely clear, the agreement appears to pertain to real properties located in San Diego and San Bernardino. *Amend. Compl.* at 2. Plaintiff alleges that he "honored/ tendered in full with good faith funds the said amount of the property ($400,000.00 to over $600,000.00) by commercial instrument No. 4443800530 . . . ." *Amend. Compl.* at 7.

Plaintiff specifically alleges that

> [t]his controversy involves real properties; located at 640 Pyramid St. San Diego, CA 92114 (loan no. 20929816 of Chase Home Finance, LLC and Loanstar Mortgage Service, LLC/ Loan No. 2013993 Nova Star Mortgage Inc. /Loan No. 0014405549 and Second Location 777 W. 27th , San Bernardino Ca.92405 and this said amount of the controversy is under Nine Hundred Thousand dollars.

*Amend. Compl.* at 2.

Ostensibly related to the above agreement, or perhaps related to a "settlement agreement" or other "stipulations," Plaintiff alleges that Defendants "dishonored/failed to give full disclosure pursuant to regulation Z of the Truth-in-Lending Act pursuant to the Freedom of Information Act . . . ." *Amend. Compl.* at 7. In addition, Plaintiff alleges that Defendants failed to "sign under there [sic] full commercial liability under the penalty of perjury by sworn Affidavit/ Jurat that...lawful money was loaned out . . . ." *Amend. Compl.* at 8. Plaintiff alleges that Defendants have engaged in "dishonor/ unethical and outrageous business practice" and that the "general public and the public at large are in jeopardy due to these unethical business practices . . . ." *Amend. Compl.* at 9.



EXHIBIT 3

PAGE 29

Plaintiff appears to allege that Defendants "counterfeited securities" in violation of the Security and Exchange Commission Act of 1933 and 1934. *Amend. Compl.* at 11-13. Plaintiff also alleges that Defendants violated the International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes. *Amend. Compl.* at 11-12, 17. Finally, Plaintiff briefly alleges a breach of contract (*Amend. Compl.* at 9), violation of the Racketeer Influenced and Corrupt Organizations Act (*Amend. Compl.* at 17), a violation of the Uniform Commercial Code (*Amend. Compl.* at 10) and a violation of the Federal Tort Claims Act (*Amend. Compl.* at 5).

Although it is difficult to discern what relief Plaintiff is requesting, it appears Plaintiff would like the Court to enforce the terms of an undisclosed "settlement agreement" and or order reconveyance of a deed of trust. *Amend. Compl.* at 7, 21-22.

**STANDARD OF REVIEW**

FED. R. CIV. P. 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). "The Federal Rules adopt a flexible pleading policy; however every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly." *Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006). When presented with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support his claims." *Rasidescu,* 435 F. Supp. 2d at 1099.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id., citing* FED R. CIV. P. 8(a)(2). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further,



EXHIBIT B
PAGE 30

must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). In considering a Rule 12(b)(6) dismissal, a court may not look beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

**DISCUSSION**

Defendants Chase and Loanstar move to dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants contend that Plaintiff's Amended Complaint fails to cure any of the deficiencies identified by the Court in the order granting Defendant's motion to dismiss Plaintiff's original Complaint. Defendants further contend that the Amended Complaint does not comply with FED. R. CIV. P. 8(a), and that the Amended Complaint contains insufficient allegations to support the various claims. Defendants request that the Court dismiss Plaintiff's Amended Complaint with prejudice because "further leave to amend would be futile." (Doc. # 39 at 3).

**A. Whether Plaintiff's Amended Complaint Complies with Rule 8(a)**

Defendants assert that Plaintiff's Amended Complaint is undecipherable, confusing, and contains varied references to a number of laws without distinguishing among the various claims being alleged. In addition, Defendants contend that the Complaint's factual allegations are insufficient to support the claims.

FED. R. CIV. P. 8(a), requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint satisfies Rule 8 if it gives the Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), *citing Gibson*, 355 U.S. at 47. A complaint fails to give fair notice when it is "so verbose, confused, and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1956).

Plaintiff's Amended Complaint is twenty-five pages long, and it is titled "Amended Complaint to Action to Quiet Title /Lis Penden." After reviewing the Amended Complaint, it is still unclear whether Plaintiff is in fact seeking an action to quiet title. As in Plaintiff's previous Complaint, the Amended Complaint is essentially devoid of references to "quiet title" outside of



EXHIBIT 3
PAGE 31

the case caption and page numbering. In its Order dated May 22, 2007, the Court directed Plaintiff to support his quiet title claim with clear factual allegations including who owns the referenced property, whether it is subject to adverse claims, and whether Defendants have an interest in the property. (Doc. # 37 at 6). Plaintiff has failed to include any of these factual elements in his Amended Complaint. (Doc. # 38). Instead, Plaintiff created further confusion by identifying a second piece of property located in San Bernardino which apparently relates to his quiet title claim. With respect to the second piece of property, Plaintiff has again failed to allege any of the necessary elements to support an action to quiet title. *See also* CAL. CODE CIV. PROC. § 761.020. Plaintiff has failed to include a legal description of the property, the basis on which he claims title to the property, or an identification of any adverse claims by Defendants to Plaintiff's title. CAL. CODE CIV. PROC. § 761.020. Without these necessary elements, Defendants are unable to frame an appropriate response to Plaintiff's allegations. The Court concludes that Plaintiff has neither stated a claim for, nor put the Defendants on fair notice of, a claim to quiet title.

Plaintiff also attempts to assert a claim for violation of the Truth-in-Lending Act, *see* 15 U.S.C. § 1601, specifically Regulation Z. *See* 15 C.F.R. § 226.1. Although Plaintiff refers to Regulation Z repeatedly throughout the Amended Complaint, he never specifies which of its provisions he contends Defendants violated. Regulation Z contains four sub-parts and appendices, and each subpart relates to a different type of transaction and is governed by particular rules and requirements, e.g. "Open-end credit," "closed-end credit," "oral disclosures," and "special rules for mortgage transactions." *See* 15 C.F.R. § 226.1(d)(1-6). In its previous order the Court advised Plaintiff to provide additional detail to his Regulation Z claim because the incoherent allegations in the original complaint were not sufficient to allow Defendants to frame a responsive pleading. The Amended Complaint, however, does not succeed in curing the defects previously enumerated by the Court. Plaintiff again makes reference to Defendants' failure to disclose that "lawful money was loaned out," but does not specify why this constitutes a violation of Regulation Z. *Amend. Compl.* at 7. Plaintiff also alleges that Defendants violated Regulation Z by declining "to have an independent, certified accountant to review the lawful money that was originally loaned to see if there was unclean hands in the above matter." *Amend. Compl.* at 12. Yet Plaintiff does not



EXHIBIT B
PAGE 32

identify the provisions of Regulation Z that require such review. The Court concludes that these allegations do not, standing alone, properly assert a claim for violation of Regulation Z given the breadth, scope, and detail of the statute. In addition, Plaintiff again makes reference to *Yanamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), but does not explain how that case is relevant to the circumstances alleged here. In *Yanamoto*, the court held that a mortgagee seeking rescission of a mortgage based on a violation of the Truth and Lending Act can be required to provide evidence that they can tender the proceeds of the loan before the court reaches the merits of the alleged violation. *Id.* at 1173. The only thing that the Court can glean based on the *Yanamoto* reference is that Plaintiff may have tried to rescind an agreement. However, due to the lack of supporting allegations, it is not clear exactly what agreement Plaintiff may have attempted to rescind. The Court concludes that the Amended Complaint does not allege facts which establish the applicability of Regulation Z. *See* 15 C.F.R. § 226.1(c)).

In his original complaint, Plaintiff alleges that Defendants have counterfeited securities in "violation of the Securities and Exchange Commission Act of 1933 and 1934." *Amend. Compl.* at 12. However, Plaintiff again fails to provide any details or factual allegations to support his securities counterfeiting claim. Plaintiff appears to contend that Defendants violated the Act because Defendants "declined in setting a public conference and invitation of the press/ media...to answer one hundred and fifty questions" and "refuse to give full disclosure that check book entries/ debit credit was created, and no lawful money was lent to Plaintiff." *Amend. Compl.* at 12. Though the Amended Complaint does identify specific code sections from the Act, it does not explain how Defendants' conduct constitutes a violation of those sections. Plaintiff does not specify what security Defendants allegedly counterfeited. The Court concludes that Plaintiff has neither stated a claim for, nor put the Defendants on fair notice of, a securities counterfeiting claim.

The Amended Complaint alleges that Defendants violated the "International Protocol/ Treaty with the United States United Nations Convention on International Bills of Exchange and International Promissory Notes." *Amend. Compl.* at 12-13, 17. The United Nations Convention on International Bills of Exchange and International Promissory Notes (UN Convention) applies to



EXHIBIT B
PAGE 33

international bills of exchange and promissory notes. It is difficult, however, for the Court to determine how Defendants violated the UN Convention. There is nothing on the face of the Amended Complaint to indicate the presence of an international transaction. All of Plaintiff's allegations appear to revolve around two pieces of property, one located in San Diego, and the other located in San Bernardino, and Plaintiff does not explain how the UN Convention is implicated by his ownership of real property located solely in the United States. Further, Plaintiff does not allege that Defendants are foreign nationals or that the loan originated from a bank located in a foreign nation. Plaintiff does refer to himself as "the Secured Party, Rodney L. Belle/a Foreign state National" (*Amend. Compl.* at 1, 4, 5). However Plaintiff fails to indicate how his putative status as a foreign state national establishes the applicability of the UN Convention. *Amend. Compl.* at 1, 4, 5. Plaintiff's UN Convention claim suffers from the same lack of specificity identified by the Court in its order of May 22, 2007. (Doc. # 37). Plaintiff fails to indicate what portion of the UN Convention the Defendants violated, and how Defendants violated it. The Court concludes that the Amended Complaint does not allege facts which establish the applicability of, or a violation of, the UN Protocol.

The Amended Complaint makes references to other federal claims, including violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (*Amend. Compl.* at 17), the Freedom of Information Act (FOIA) (*Amend. Compl.* at 7, 15,16), the Federal Tort Claims Act (FTCA) (*Amend. Compl.* at 5), the National Banking Association Act of 1863 (*Amend. Compl.* at 19), the Emergency Bankruptcy Act of 1933 (*Amend. Compl.* at 19), and the Bankruptcy Reform Act of 1978 (*Amend. Compl.* at 14). However, after reviewing the entirety of the Amended Complaint, the Court is unable to determine the specific nature of the claims asserted, how the claims relate to the allegations of the Complaint, and which sections or subsections of the various Acts or statutes Defendants have allegedly violated.

**CONCLUSION**

After reviewing the Amended Complaint, the Court concludes that Plaintiff has failed to state a claim for quiet title, for violation of the Truth-in-Lending Act, or for any other federal or state law. Accordingly, Defendant Chase's motion to dismiss (Doc. # 39) for failure to comply

with FED. R. CIV. P. 8(a) & 12(b)(6), joined by Defendant Loanstar (Doc. # 40), is GRANTED. Plaintiff's Complaint is dismissed in its entirety, but without prejudice.

Plaintiff has thirty days from the date this Order is stamped "filed," to file and serve a Second Amended Complaint. *See* Local Civil Rules 4.1; 15.1. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff shall cure the deficiencies outlined in this Order. If Plaintiff fails to file a Second Amended Complaint within the time allowed, or fails to cure the deficiencies of his previous Complaints, the Court will terminate this case with prejudice.

IT IS SO ORDERED.

DATED: October 31, 2007

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge



EXHIBIT B

PAGE 35

**EXHIBIT C**

Charlette Sneed
640 Pyramid Street
San Diego, CA 92114

FILED
07 APR 20 PM 4:12
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Charlette Sneed,<br>Plaintiff,<br>vs.<br>CHASE HOME FINANCE LLC, FRIST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE, GMAC/SILVERSTATE),<br>Defendant | Case No.: '07 CV 0729 LAB (AJB)<br>**Complaint to Action of Quiet Title/Lis Penden**<br>**1) Violation of Regulation Z of the Truth in Lending Act, pursuant to Title 5 U.S.C. section 1635(a) and Title 12 CFR 226.23 (d)(i).**<br>**2) Invasion of Title 5 USC Section 1635 (A) and title CFR 226.23 Title 11, U.S. Code 9th Circuit Ruling in Yamamoto v.Bank of New York, 329 F3d 1167 (9TH Cir 20030 Regulation Z Mandated to all state / federal agency to Grant Relief.**<br>**3) Invasion of International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes/House Joint Resolution- 192 (the United States insurance policy),and the Emergency Bankruptcy of 1933, Am Jur 2d 81.** |

"Here comes the Secured Party, Charlette Sneed/ Non-Joint tenant, spokesperson in behalf of the unincorporated corporation (CHARLETTE SNEED) Creditor/ Non-Joint Tenant, Has Exhausted All Administrative Process under Notary Protest to the Comptroller of the Currency bringing this Article III Court Claim/ Action to Quiet Title/ Lis Penden/ **International Protocol of the United**



EXHIBIT C
PAGE 36

**Nations Convention on International Bills of Exchange and International Promissory Notes.** This controversy is over One Hundred Thousand to over Five Hundred Thousand Dollars and it also involves real properties; located at 2402 W. Cullivan Street, Inglewood, CA 90303 (**loan no. 49963660 of First Federal Bank of California**), 10513 Crenshaw Blvd., Inglewood, CA 90303 (**loan no. 142714640 of Countrywide Home Loans**), 620 E. 135th Street, Los Angeles, CA 90059 (**loan no. 111862464 of Countrywide Home Loans**), 9300 W. Kramer Lane, Arizona city, AZ 85223 (**loan no.0281910600 & 0292107506 of GMAC MORTGAGE**), 148 Coral Tree Drive, Rialto, CA 92377 (**loan no. 22523740 & 22523757 of Chase Home Finance, LLC**), and 9510 W. Santa Cruz Blvd., Arizona City, AZ 85223 (**loan no. 23266901 &23266919 of Chase Home Finance)**

**Jurisdiction of the Court**

The original jurisdiction was granted to the United States District Court Common Law Jurisdiction by Article III, section 2; Judicial power of the United States shall be vested in the Supreme Court by the Constitution for the United States of America. The Amendments 1-10, absolutely, and without qualification petition relief upon the Constitution, which has not been abolished and repealed by Congress.

The jurisdiction of this subject matter involves real property, constructive fraud, misinformation, failure to give full disclosure of contract, counterfeiting securities, conspiracy, and violation of Regulation Z of the Truth in Lending Act/ and GAAP/ the Federal Reserve Board Regulation. In



EXHIBIT a
PAGE 37

further notice of jurisdiction and judicial notice the Secured Party, Charlette Sneed/ Non-Joint tenant, reserves all rights, waiver none ever, displaying of Bonds (Financial Statement) from the Secretary of State. A claim of relief can only be granted under the Bankruptcy Reform Act of 1978 (Bankruptcy Emergency Act), House Joint Resolution-192 Public Policy, and the Uniform Commercial Code (UCC) at UCC 3-601 and UCC 3-603, a certificate of protest of dishonor of International Bill of Exchange Pursuant to the International Protocol of United Nations pursuant to the International Protocol of the United Nations, to the Comptroller of the Currency by notary public.

Additional jurisdiction pursuant to the Federal Tort Claim Act, which grants jurisdiction over subject matter/ Title 18 is enforcement of criminal elements, and furthermore, the United States District Court has original jurisdiction pursuant to 28 U.S.C., Cal 251, scope and extent of jurisdiction of Federal Court/ and thus grounds, which governs jurisdiction and remedies under Title 42, 1983 and 1984 is operational under the color of State Law and offices.

**Parties of Interest**

Plaintiff at all times mentions Secured Party, Charlette Sneed/ Non-Joint tenant.

Defendant at all times Mentioned is: 1) CHASE HOME FINANCE LLC, 2) FIRST FEDERAL BANK OF CALIFORNIA, 3) HOMEQ SERVICING 4) COUNTRYWIDE HOME LOANS, 5) GMAC MORTGAGE/(SILVERSTATE)



EXHIBIT C

PAGE 38

**Fact**

On or around JANUARY 22, 2007 an agreement was made between CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE, and the Grantor, Charlette Sneed/ Non-Joint tenant. The Grantor, Charlette Sneed/ Non-Joint tenant has **honored/ tendered in full with good faith funds the said amount of the property ($150,000.00 to over $500,000.00)** by commercial instrument No. 201540739 from Citibank Checking Account / Bill of Exchange. Charlette Sneed/ Non-Joint tenant was then waiting for the notice of full Reconveyance of the Deed of Trust of said property by the President or Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE. The Grantor, Charlette Sneed/ Non-Joint tenant, **in good faith, honored** and sent, by independent courier, a payment in full of the full amount of the property. The affirmative fact, due to the Dishonor mentioned in the above waiver of rights pursuant to our settlement agreement and stipulations, that any dishonor/ arguments the grantor can regain his rights and the original Deed of Trust was rescinded in good faith due to the following reasons:



EXHIBIT C
PAGE 39

A) the President/Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE, **dishonored/failed** to give full disclosure pursuant to Regulation Z of the Truth-in-Lending Act pursuant to the Freedom of Information Act, that lawful money was loaned out (CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE **Dishonored** by silence, Charlette Sneed's Request to all the Corporations listed in the above to have a professional accountant to check the credit and debit of the account.

**B)** CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE refused to sign under their **full commercial liability under the penalty of perjury by sworn Affidavit/ Jurat** that pursuant to article 1 section 10 of the Constitution for the United States of America, lawful money was loaned out to the Plaintiff Charlette Sneed/ Non-Joint tenant, and the Plaintiff Charlette Sneed/ Non-Joint tenant does not qualify pursuant to the personal belief of the President and Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE who feel that Charlette Sneed/ Non-Joint tenant Doesn't qualify under the United States insurance policy, which is **House Joint Resolution-192 and its responsibility to discharge all public and private debts, pursuant to the**



EXHIBIT C
PAGE 40

Case 3:07-cv-00729-LAB-AJB Document 1 Filed 04/20/2007 Page 6 of 25

**Emergency Bankruptcy/ Executive order of President Roosevelt in 1933.**

C) The ultimate fact due to the dishonor/ unethical and outrageous business practice of the Defendant CHASE HOME FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE Charlette Sneed/ Non-Joint tenant, in her own stead, gave notice of rescission of the Deed of Trust under the statutes of fraud and also due to breach of agreement/ dishonor of the administrative process, in which Charlette Sneed/ Non-Joint tenant **honored/ regained his power to hire a notary to do a certificate of protest of the dishonor to the Secretary of the Treasury and the Insurance Commissioner and the Comptroller of the Currency.** Due to dishonor/ continued arguments and outrageous and unethical business practices of the, CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE under the color of office and State Law.

The affirmative fact, that I, Charlette Sneed/ Non-Joint tenant, further have reason to believe that the general public and the public at large are in jeopardy due to these unethical business practices and the President and Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE, willful refusal to give full disclosure pursuant to Regulation Z of the Truth in Lending Act and am expecting Relief under said act. This is the



EXHIBIT C

PAGE 41

reason I, Charlette Sneed/ Non-Joint tenant honor the defendant's mutual administrative settlement agreement and stipulations to have filed, a Quiet title Lis Penden, under the rules of the common law, to test the Validity and let the Jury make the Determination whether there is a Breach of Contract between the Grantor and the Grantee, who is the lawful owner of the property. The Quiet title is also to test the validity as to whether there was a breach of agreement or a breach of duty of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE) to give full Reconveyance of the property.

To Further Test the Validity of whether the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE has the right to enforce an acceleration clause that is on the deed of trust, when a payment in full was dishonored by the CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE)and when there is evidence that the defendant CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE /(SILVERSTATE)never loaned anything of substance to Charlette Sneed/ Non-Joint tenant and, does CHASE HOME FINANCE LLC,FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE



EXHIBIT C

PAGE 42

/SILVERSTATE qualify for the security/ estate to foreclose on the security.

Charlette Sneed/ Non-Joint tenant has reason to believe that the President/ Vice President of CHASE HOME FINANCE FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE) are in want of Jurisdiction/ acceleration clause after the dishonor of $150,000.00 - over $500,000.00. Also due to the affirmative fact that Charlette Sneed/ Non-Joint tenant registered a UCC-1 financing statement with the Secretary of the State and transmitted utilities to the Secretary of the Treasury and notified all parties of her status. The Secured Party, Charlette Sneed/ Non-Joint tenant, spokesperson for the non-debtor corporation CHARLETTE SNEED/ NON-JOINT TENANT, with UCC-1 Financial Statement with the Secretary of State, gave 72 hour notice to all parties of interest, of transmitting utilities (UCC-3) and through means of Bill of Exchange Pursuant to the International Protocol of United Nations, "acceptance for value" and notice of rescission, due to failure to give full disclosure, for said amount of Two Million Two Hundred Eighty Eight Thousand Dollars and zero cents lawful money, which was sent to the Secretary of the Treasury for adjustment of my prepaid account under Public Policy HJR-192, Emergency Bankruptcy Act of 1978, which was transmitted by the Chief Justice of the Supreme court to Congress, wherefore the Secured Party Reserves Rights by Judicial Notice to all of that which is mentioned in the



EXHIBIT C
PAGE 43

above of how a claim of relief can be granted. Please take Judicial Notice to the Ninth Circuit Ruling: Yanamoto V. Bank of New York, 329 f3d 1167; In 2003 the Judge mandated to Grant Relief and a Judge does not have any jurisdiction or discretion over anything that has to deal with Regulation Z.

The respondent failed to respond within the 15 days as requested or cancel the transaction and return the property back (Rescission and Replevine).

**Judicial Notice of International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes/ Counterfeiting Securities of the United States**

The Secured Party, Charlette Sneed/ Non-Joint tenant, spokesperson for the non-debtor corporation (CHARLETTE SNEED) declares and is informed that CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC/SILVERSTATE MORTGAGE willfully failed to give full disclosure, according to Regulation Z and the Truth and Lending Act, of check book credit/ credit debit, a.k.a. letter of credit (bill of credit) and they declined to have an independent, certified accountant to review the lawful money that was originally loaned to see if there was clean hands in the above matter.

The Secured Party, Charlette Sneed/ Non-Joint tenant further affirms and is informed that the president/ vice



EXHIBIT C
PAGE 44

president of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE)further declined to sign the affidavit under the penalty of perjury, and also further declined in setting a public conference and invitation of the press/ media in front of the place of business of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE) to answer one hundred and fifty questions/ schedule within a specified time, which was also declined by the defendant CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, AND GMAC MORTGAGE/(SILVERSTATE) who continue to this day to refuse to give full disclosure that check book entries/ debit credit was created, and no lawful money was lent to the Plaintiff. For this reason, the Secured Party has reason to believe that all of that mentioned in the above qualifies as counterfeiting securities of the United States, which is a violation of the Securities and Exchange Commission Act of 1933 and 1934.

**International Protocol/ Treaty with the United States**

**United Nations Convention on International Bills of Exchange and International Promissory Notes**

**Security Exchange Commission Act of 1933 and 1934**

Article 1, section 8, clause 6 in the Constitution for the united States of America provides that, "the Congress shall have power to provide for the punishment of counterfeiting the securities and current coin of the United States.



EXHIBIT C

PAGE 45

Pursuant to Title 28 U.S.C., section 4 of the Commission of Crimes Cognizable by a Court of the United States under Title 18 U.S.C. section 513 to wit 513(a), whoever makes utters or possesses a counterfeited security in a private capacity of a state or a political subdivision thereof, or of an organization, or government shall be fined not more than $250,000.00 or imprisoned not more than ten years or both. See also section 2311, 2314, and 2320 for additional fines and sanctions. Among the securities defined at 18 U.S.C. 2311-15 included evidence of indebtedness, which, in a broad sense may mean anything that is due or owing, which would include a duty, obligation, or right of action. The negotiable instrument that was deposited in the above mentioned account, qualifies as counterfeited securities.

**Failure to give full disclosure of contract according to the Truth In Lending Act and Regulation Z**

The Secured Party, Charlette Sneed/ Non-Joint tenant, spokesperson for the non-debtor corporation, reserve all rights and remedy under the Uniform Commercial Code and the Emergency Bankruptcy Act/ Bankruptcy reform act of 1978, wherefore the Chief Justice transmitted to Congress that all courts of the United States are subject to the Bankruptcy Court and the Bankruptcy code is the Supreme Law of the Land. For the affirmative fact the Secured Party, pursuant to Public Policy HJR-192, Bill of Exchange Pursuant to the International Protocol of United Nations for Two Million Two Hundred Eighty Eight



EXHIBIT C
PAGE 46

Thousand Dollars and zero cents, the Secured Party transmitted Utilities to the Secretary of State and the Secretary of the Treasury, instructing all parties to make adjustment of account, wherefore the defendant and all parties of interest have currently been served.

**Statement of Cause**

The Secured Party Charlette Sneed/ Non-Joint tenant, attests and is informed that all rights are reserved under the **Special-Choice-of-Law-Rule, which is the International Protocol and Domicile Rule, Universal Declaration of Human Rights, International Bill of Rights, and the United Nations Convention on International Bills of Exchange and International Promissory Notes. If there is any Administrative Court proceeding that has invaded U.S. Code and the 9th Circuit Ruling in Yamamoto v. Bank of New York, 329 F3d 1167 (9TH Cir 20030 Regulation Z Mandated to all state / federal agency cannot make any Judicial discretion but is further mandated to Grant Relief within 21 days).**

Further definition of credit, "in the Federal consumer Credit Protection Act, Truth in Lending Act (Title 15 U.S.C.) As set forth in Regulation Z (12 CFR 226): Credit means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.



EXHIBIT C

PAGE 47

Case 3:07-cv-00729-LAB-AJB Document 1 Filed 04/20/2007 Page 13 of 25

The Secured Party, Charlette Sneed/ Foreign African National Non-Joint tenant is further informed that it is the responsibility of the lender (creditor) CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC MORTGAGE/(SILVERSTATE MORTGAGE) to give full disclosure of contract pursuant to the **Freedom of Information Act** and delegated authority of right or executive order by Legislature to defer payment, and give a letter of credit/ check book entries/ and no loan, no lawful money according to Article 1, Section 10, clause 1 of the Federal Constitution mentions; **"no state shall enter into any treaty, alliance, or confederation, grant letter of marquees and reprisal, coin money, emit bills of credit..." And it further mentions the only lawful tender is gold and silver coin, Am Jur 2d 81.**

The affirmative fact is that the President/ Vice President of, CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE MORTGAGE and cohorts, also dishonored/ failed to disclose that the original loan was created by a check book entry, which may be sold in the open market (as a promissory note) for 80-90 cents on the dollar with no consideration to the plaintiff. The defendant further failed to disclose the loan was pre-paid and the plaintiff would be converted into a joint tenant for 30 years. It also was not disclosed to the plaintiff that he was a Joint Tenant/ Mortgage was a lien and all monthly payments of Federal Reserve Notes, tender for debt. ("Federal Reserve Notes



EXHIBIT C

PAGE 48

are valueless" see Internal Revenue Code at Section 1. 1001-1 (4657) C.C.H.

See **Jerome Daly v. First National Bank of Montgomery, Minn., Justice Martin v. Mahoney Credit River Township, December 7-9 1968. Ruled that Federal Reserve Notes were fiat money and not legal tender after jury deliberation and return a unanimous verdict for defendant after bank president admitted it was standard banking procedure in that he created the "money" he loaned to the defendant as a book entry on December 7th at the conclusion of trial, the mortgage was canceled.**

The Secured Party, Charlette Sneed/ Non-Joint tenant, further has reason to believe this operation under the color of authority by President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE is in direct violation of the Constitution for the united States of America, also the International Protocol (United Nations Convention on International Bills of Exchange and International Promissory Notes, and the U.S. Federal Constitution, which prohibits Bills of credit, and authenticates securities of the United States and further defer payment with the people and the general public at large.

The Secured Party, Charlette Sneed/ Non-Joint tenant, in her own stead, rescinded the loan contract due to constructive fraud and usury, and also due to unethical business practice, and furthermore demands a **special well informed grand jury of**



EXHIBIT C

PAGE 49

Case 3:07-cv-00729-LAB-AJB Document 1 Filed 04/20/2007 Page 15 of 25

**the rules of the Common Law/ Article III Court Proceeding/ International Protocol/ treaties of the United Nations Convention on International Bills of Exchange and International Promissory Notes. Further investigation of Violation of the Securities and Exchange Commission Act of 1933 and 1934 the RICO allegation/ criminal elements.**

**Judicial Notice of How a Claim of Relief Can be Granted**

The Secured Party, Charlette Sneed/ Non-Joint tenant gives **Judicial Notice to the United States District Court that relief can only be granted under his bond/ UCC-1 Financing Statement/ Article III Court Proceeding under the rules of the Common Law, all rights reserved, waiver none ever to an Article II Maritime Court proceeding. Further relief can be granted? A) Regulation Z of the Truth in Lending Act Title 5 USC Section 1635 (A) and the Title 12 CFR 226.23 (d)(i), 9th Circuit ruling in Yamamoto v. Bank of New York, 329 F3d 1167. per Regulation Z Action for rescission and Replevin is further Authorized Per House Joint Resolution-192/ the Emergency Bankruptcy of 1933. B) My bond UCC-1 financial Statement/ Transmitting Utilities Under Public Policy HJR-192, the Bankruptcy Reform Act of 1978/ Emergency Bankruptcy Act and adjustment of my pre-paid account with the Secretary of State and the Secretary of the Treasury in exchange with my exemption, and release of all property/ proceeds to the Secured Party in Accordance with the Uniform Commercial Code.**



EXHIBIT C
PAGE 50

**C) Under the Settlement agreement and the stipulations between the parties, Charlette Sneed/ Non-Joint tenant and the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE.**

In further Judicial Notice, the plaintiff/ Secured Party, Charlette Sneed/ Non-Joint tenant, spokesperson for the none debtor Corporation, CHARLETTE SNEED, honor any and all arguments and anticipate dishonor of the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE, and its attorneys, to continue to **Dishonor/ harassment of the Secured Party by threatening of non-judicial foreclosure in state court, by interference of a third party/ silent partner or newly appointed trustee**, after secured party notice of rescission/termination of the former trustee and demand according to the Secured Party's mortgage insurance Company policy to pay off the balance, which was also refused pursuant to the United States insurance Policy, which is House Joint Resolution-192.

## Conclusion

The Secured Party, Charlette Sneed/ Non-Joint tenant, **honors** and further anticipates that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and



EXHIBIT C

PAGE 51

GMAC/SILVERSTATE Dishonor by invasion of administrative settlement agreement between the parties, by **political arguments and debates on Points and Authority contrary to the principles of the National Banking Association Act of 1863** in a spurious attempt to cover up the RICO and unclean hands, request an order for dismissal due to plaintiff's failure to post bond or state how a claim of relief can be granted, when the affirmative fact shows the Acceptance for value by the Secured Party, see exhibit of bond, a.k.a. financial statement/ transmit of utilities and adjustment of account has been taken care of under Public Policy HJR-192/ Emergency Bankruptcy Act of 1933, which the plaintiff gives Judicial Notice of the settlement agreement and stipulations and this is how a claim of relief can be granted under my bond/ Financing Statement Registered with the Secretary of State and all of the mentioned in the above.

**Prayer**

1) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE **Honor** the terms and conditions of the settlement agreement between the parties to Stay of all dishonor/ non-judicial foreclosure proceeding, stay of harassment of the defendant and its silent partner.

2) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ



EXHIBIT C
PAGE 52

SERVICING, COUNTRYWIDE HOME LOANS, and GMAC MORTGAGE / (SILVERSTATE) honor the terms and conditions of the settlement agreement between the parties request for three times the above and the amount of the Bill of Exchange Pursuant to the International Protocol of United Nations, which will be presented at trial.

3) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC MORTGAGE / (SILVERSTATE) **Honor** the terms and conditions of the settlement agreement between the parties, the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE cease and desist all commercial **dishonor/failed** to give full disclosure pursuant to Regulation Z of the Truth-in-Lending Act, that lawful money was loaned out. CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE **Dishonored** by silence Charlette Sneed's Request to have a professional accountant to check the credit and debit of the account Request that this court accept my bond UCC-1 financial statement by the Secretary of State and give further Judicial Notice of Full Acceptance of the Defendant's Dishonor and accept it for value and exchange in behalf of her exemption and further release the property to her before the end of business hours, which will conclude any and all commercial transaction, which includes but is not limited to the Defense's spurious claims of defective service to authorized



EXHIBIT C

PAGE 53

agent/ other political arguments and debates that are contrary to Regulation Z of the Truth-in-Lending-Act/ the Security Exchange Commission of 1933 and 1934/ House Joint Resolution-192, which is the United States Insurance Policy.

This also includes in the acceptance and merit evidence that a claim of relief has been mentioned according to HJR-192 Public Policy and the Bankruptcy Reform Act of 1978/ Uniform Commercial Code.

4) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE honor the terms and conditions of the settlement agreement between the parties Special Request that this controversy is governed only according to the rule of the Common Law Article III proceeding, waiver of Rights none ever to special Maritime Territory and Jurisdictional proceeding of legislative none ever, unless signed by a notary public...

5) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE honor the terms and conditions of the settlement agreement between the parties and further **relief can only be granted by Regulation Z of the Truth in Lending Act Title 5 USC Section 1635 (A) and the Title 12 CFR 226.23 (d)(i), 9th Circuit ruling in Yamamoto v. Bank of New York, 329 F3d 1167. per Regulation Z Action for**



EXHIBIT C

PAGE 54

Case 3:07-cv-00729-LAB-AJB Document 1 Filed 04/20/2007 Page 20 of 25

**rescission and Replevin is further Authorized Per House Joint Resolution-192/ the Emergency Bankruptcy of 1933.**

6) Request to the Court that the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE **Honor** the terms and conditions of the settlement agreement between the parties to have the President and Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE before they hire any attorney dishonor/ protest Charlette Sneed's **Honor Draft** (Quiet Title Lis Penden) that they first swear under their full commercial liability under the penalty of perjury and a signed jurat or record a full Reconveyance on the Deed of Trust in the County Recorder and do

7) **Judicial Notice of Request for a well informed Grand Jury review, who understands the rules of the Common Law in an Article III Court proceeding only. By the Plaintiff, Charlette Sneed, being a Foreign African National she makes reservation under the Special-Choice-of-Law-Rule, which is the International Protocol and Domicile Rule, Universal Declaration of Human Rights, International Bill of Rights, and the United Nations Convention on International Bills of Exchange and International Promissory Notes. If there is any Administrative Court proceeding that has invaded U.S. Code and the 9th Circuit Ruling**



EXHIBIT C
PAGE 55

**in Yamamoto v. Bank of New York, 329 F3d 1167 (9TH Cir 20030 Regulation Z Mandated to all state / federal agency cannot make any Judicial discretion but is further mandated to Grant Relief within 21 days) (see further reference: Am Jur 2d 81).**

whatever the District Court of the United States Article III Court deem to be just and proper.

## Verification

The Secured Party, Charlette Sneed/ Non-Joint tenant, declares and attests that he has **Honored** all of the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE notice/ letter of dishonor of the $150,000.00 to over $500,000.00. In further dishonor by **Invasion of International Protocol of United Nations International Bill of Exchange Pursuant to the International Protocol of United Nations**/ by the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE refusal to sign under their full commercial liability under the penalty of perjury and give disclosure pursuant to the Truth in Lending



EXHIBIT C

PAGE 56

Case 3:07-cv-00729-LAB-AJB Document 1 Filed 04/20/2007 Page 22 of 25

Act/ Regulation Z by signed jurat before a notary public that all loans are lawful money and are backed by gold and silver and the plaintiff, Charlette Sneed/ Non-Joint tenant qualifies under the House Joint Resolution-192, the United States insurance policy, (and according to Charlette Sneed's home insurance policy) to have the public debt discharged. Any mention that judicial notice of relief can only be granted under Public Policy HJR-192 and the Emergency Bankruptcy Reform Act of 1978, 45 Am Jur 2d 81 and the President/ Vice President of CHASE HOME FINANCE LLC, FIRST FEDERAL BANK OF CALIFORNIA, HOMEQ SERVICING, COUNTRYWIDE HOME LOANS, and GMAC/SILVERSTATE dishonoring the administrative settlement agreement between the parties by non judicial foreclosure/ counter claims/ motion for dismissal shall be viewed as a breach of agreement between the parties, and shall also be viewed as true and correct.

Henceforth Submitted

[signature]

Secured Party, Charlette Sneed/
Non-Joint tenant, spokesperson for
the unincorporated corporation/
vessel, (CHARLETTE SNEED)



EXHIBIT C

PAGE 57