**EXHIBIT H**

STEVEN N. RICHMAN, State Bar No. 101267
CHRISTOPHER NELSON, State Bar No. 242859
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone: (310) 785-0885
Facsimile: (310) 785-0787
E-Mail: *srichman@erlaw.com*
*cnelson@erlaw.com*

Attorneys for First Federal Bank of California

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN ASHLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA, DEUTSCHE NATIONAL TRUST AND ASSOC,<br><br>Defendants. | CASE NO. 07 CV 2123<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA:**<br>**(1) TO DISMISS ALL CAUSES OF ACTION AGAINST FIRST FEDERAL BANK OF CALIFORNIA [F.R.C.P. (8) & 12(b)(6)];**<br>**OR, IN THE ALTERNATIVE,**<br>**(2) FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date: January 7, 2007<br>Time: 10:30 a.m.<br>Crtrm.: 3<br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed: November 6, 2007 |

EXHIBIT 17
PAGE 86

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**TO PLAINTIFF BENJAMIN ASHLEY AND ALL OTHER INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN THAT on January 7, 2008, or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court for the Southern District of California, located at the Edward J. Schwartz Courthouse, 940 Front Street, San Diego, California, defendant First Federal Bank of California ( "First Federal") will, and hereby does, move the Court to dismiss Plaintiff's entire Complaint as to First Federal.[1] This motion is made pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint does not nor does it contain a short and plain statement of the claim showing that Plaintiff Benjamin Ashley ("Ashley") is entitled to relief.

NOTICE IS FURTHER GIVEN THAT, in the alternative, should the Court decide not to dismiss the Complaint as to First Federal at this time, First Federal requests that the Court order Plaintiff Ashley to provide a more definite statement regarding the basis of his claims against First Federal. This alternative Motion is made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure on the grounds that the Complaint is so vague and ambiguous that First Federal cannot reasonably be required to frame a responsive pleading.

/ / /

/ / /

[1] First Federal brings this Motion on its own behalf because the Complaint is ambiguous as to the identities of the parties named, and First Federal believes that the Plaintiff is suing it as an entity. However, First Federal respectfully requests the Court to consider this Motion to have been brought on behalf of First Federal and any of its officers the Court considers properly named in the Complaint.

EXHIBIT H
PAGE 37 07 CV 2123

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

This Motion shall be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Request for Judicial Notice filed concurrently herewith, Plaintiff's Complaint, any other pleadings or documents of which the Court may take judicial notice and the oral argument, if any, permitted by the Court.

EPPORT, RICHMAN & ROBBINS, LLP

By: ______________________
CHRISTOPHER NELSON
Attorneys for First Federal Bank of California

EXHIBIT H
PAGE 88

STEVEN N. RICHMAN, State Bar No. 101267
CHRISTOPHER NELSON, State Bar No. 242859
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone: (310) 785-0885
Facsimile: (310) 785-0787
E-Mail: *srichman@erlaw.com*
*cnelson@erlaw.com*

Attorneys for First Federal Bank of California

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN ASHLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA, DEUTSCHE NATIONAL TRUST AND ASSOC,<br><br>Defendants. | CASE NO. 07 CV 2123<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA:**<br>**(1) TO DISMISS ALL CAUSES OF ACTION AGAINST FIRST FEDERAL BANK OF CALIFORNIA [F.R.C.P. (8) & 12(b)(6)];**<br>**OR, IN THE ALTERNATIVE,**<br>**(2) FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date: January 7, 2007<br>Time: 10:30 a.m.<br>Crtrm.: 3<br>Judge: Hon. Roger T. Benitez<br><br>Complaint Filed: November 6, 2007 |

EXHIBIT H
PAGE 89



EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

(a) The Complaint does not state a single coherent claim, and fails to give First Federal proper notice of the claims against it. Fed. Rul. Civ. Proc. 8........ 2

(b) None of the claims against First Federal are claims upon which relief can possibly be granted. Fed. Rule. Civ. Proc. 12(b)(6). It is impossible for the Court to grant relief to Ashley based on any of his spurious claims as a matter of law........ 2

(c) As a matter of law, Ashley lacks standing to sue on claims based on criminal statutes and international treaties........ 2

(d) Also as a matter of law, Ashley cannot state a claim against First Federal as he never was in privity with First Federal, and the foreclosure sale of First Federal legally eliminated all junior interests. ........ 2

In the alternative, should the Court not dismiss this case, First Federal requests that the Court require Ashley to make a more definite statement. Fed. Rule. Civ. Proc. 12(e). ........ 2

II. FACTUAL HISTORY ........ 2

A. Facts of the Case ........ 2

B. Similar Cases in the Southern District ........ 3

C. Ashley's Claims ........ 4

III. STANDARD OF REVIEW ........ 5

A. Federal Rule of Civil Procedure 8........ 5

B. Federal Rule of Civil Procedure 12(b)(6) ........ 5

C. Federal Rule of Civil Procedure 12(e) ........ 6

IV. ASHLEY'S CLAIMS ARE NOT COGNIZABLE LEGAL CLAIMS ........ 6

V. ASHLEY LACKS STANDING AND CANNOT POSSIBLY ALLEGE THE REQUISITE FACTS TO ESTABLISH ANY OF THE ELEMENTS OF THE CLAIMS HE HAS ASSERTED AGAINST

FIRST FEDERAL .......... 8

A. First Federal Cannot Have Committed a Trespass of Any Kind Against Ashley .......... 8

B. Ashley Has Failed to Plead Any Facts or Law Which Support His RICO and RICO Conspiracy Claims .......... 8

C. Ashley Has Failed to Allege the Existence of Any Contract Between Himself and First Federal, and Therefore First Federal Cannot Have Committed the Contractual Violations Alleged in the Complaint .......... 10

D. Ashley Has No Right to Bring the Criminal Code Violations Alleged in the Complaint .......... 11

E. Ashley Has Not Alleged Any Human Rights or Constitutional Violations Against First Federal .......... 11

VI. IF THE COURT DOES NOT DISMISS THE COMPLAINT AS TO FIRST FEDERAL, ASHLEY SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT .......... 12

VII. CONCLUSION .......... 12

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EXHIBIT H
PAGE 91

# TABLE OF AUTHORITIES


**Page**

**CASES**

Alan Neuman Productions, Inc. v. Alrbright, 862 F.2d 1388 (9th Cir. 1988) ............8

Bureerong v. Uvawas, 922 F.Supp. 1450 (C.D. Cal. 1996) ............6

Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1965) ............5

Delta Educ., Inc. v. Langlois, 719 F.Supp. 42 (D.N.H. 1989) ............6

Federal Rule of Civil Procedure 8 ............2, 5

Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053 (N.D. Cal. 1988) ............6

Girard v. Ball (1981) 125 Cal.App.3d 772 ............8

Gomppper v. VISX, Inc., 298 F.3d 893 (9th Cir. 2002) ............5

Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646 (9th Cir. 1984) ............5

Levine v. Diamanthuset, Inc., 950 F.2d 1478 (9th Cir. 1991) ............5

Moore v. United States, 193 F.R.D. 647 (N.D. Cal. 2000) ............7, 8, 11

Ove v. Gwinn, 264 F.3d 817 (9th Cir. 2001) ............5

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530 (9th Cir. 1984) ............5

Schreiber Distributing Co. v. Serv-Well Furniture Co, Inc., 806 F.2d 1393 (9th Cir. 1986) ............9

Sprewell v. Golden State Warriors, 266 F.3d 979 (9th Cir. 2001) ............6

**STATUTES**

18 U.S.C. § 1001 ............11

18 U.S.C. § 1963 ............11

18 U.S.C. § 241 ............11

18 U.S.C. § 3571 ............11

18 U.S.C. § 872 ............11


EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EXHIBIT H
PAGE 92 07 CV 2123

Federal Rule of Civil Procedure 26 ....................12
Federal Rule of Civil Procedure 8(a)(2) ....................5
Federal Rule of Civil Procedure 8(e)(1) ....................5
UCC § 1-102 ....................10
UCC § 1-105 ....................10
UCC § 1-201 ....................10
UCC § 3-102(a) ....................10
UCC § 3-103 ....................10
UCC § 403 ....................10
UCC § 4-102 ....................10

**CONSTITUTIONAL PROVISIONS**

Federal Rule of Civil Procedure 9(b) ....................8
United States Constitution, Article I, § 3 ....................7
United States Constitution, Article I, § 8 ....................7

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EXHIBIT H
PAGE 93

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The so-called "Criminal Complaint" of Plaintiff Benjamin Ashley ("Ashley") against Defendant First Federal Bank of California ("First Federal")[1] is one in a series of frivolous lawsuits filed with respect to the real property more commonly known as 2402 Cullivan Street, Inglewood, California (the "Property"). The Complaint seems to borrow its disjointed reasoning, form and language from an ever-growing group of lawsuits brought by *pro se* litigants against California lenders.

As referenced in the Complaint, the Property once belonged to Charlotte Sneed (the "Mrs. Sneed" referred to in the Complaint), who took out a refinance loan from First Federal using the Property as collateral. Ms. Sneed defaulted on her loan, and First Federal subsequently took title to the Property at the foreclosure sale. Ms. Sneed even filed a complaint against First Federal in federal court, which has been dismissed. See Sneed v. Chase Home Finance LLC, et al., Case No. 07 CV 729, Complaint attached as Exhibit "A" to Request for Judicial Notice ("RJN").

The Complaint is incomprehensible. The facts alleged by Ashley are rambling and incoherent. The claims are unsupported by the "facts," and many of them simply do not exist as a matter of law. Further, Ashley does not even clearly identify the parties against whom he is bringing this Complaint.

First Federal seeks the dismissal of this Complaint with prejudice on the

---

[1] First Federal brings this Motion on its own behalf because the Complaint is ambiguous as to the identities of the parties named, and First Federal believes that the Plaintiff is suing it as an entity. However, First Federal respectfully requests the Court to consider this Motion to have been brought on behalf of First Federal and any of its officers the Court considers properly named in the Complaint.

EXHIBIT H
PAGE 94

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

following grounds:

(a) The Complaint does not state a single coherent claim, and fails to give First Federal proper notice of the claims against it. Fed. Rul. Civ. Proc. 8.

(b) None of the claims against First Federal are claims upon which relief can possibly be granted. Fed. Rule. Civ. Proc. 12(b)(6). It is impossible for the Court to grant relief to Ashley based on any of his spurious claims as a matter of law.

(c) As a matter of law, Ashley lacks standing to sue on claims based on criminal statutes and international treaties.

(d) Also as a matter of law, Ashley cannot state a claim against First Federal as he never was in privity with First Federal, and the foreclosure sale of First Federal legally eliminated all junior interests.

In the alternative, should the Court not dismiss this case, First Federal requests that the Court require Ashley to make a more definite statement. Fed. Rule. Civ. Proc. 12(e).

## II.

## FACTUAL HISTORY

A. Facts of the Case

On or about November 17, 2006, Ms. Sneed borrowed $370,000.00 from First Federal, using the Property as collateral for the loan. Ms. Sneed never made a single payment on the loan, and instead claimed that the loan with First Federal was void *ab initio* because First Federal did not lend her "real money" but instead provided only credit. See Exhibit "A" to RJN. First Federal foreclosed upon the Property and at the foreclosure sale, First Federal acquired lawful title to the Property. See Trustee's Deed Upon Sale, Los Angeles County Recorder Doc. No. 20071391349,

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

Exhibit "B" to RJN.

Ashley does not own the Property. In fact, Ashley has never owned the Property. The Complaint never explains what, if any, relationship Ashley has with the Property. Further, the Complaint fails to allege any facts which show that First Federal has any relationship with Ashley or could have damaged Ashley. The only facts Ashley alleges are that Ms. Sneed owned the Property, parties other than First Federal (which also allegedly include the Sheriff of Los Angeles County) were shown a "Grant Deed," and that the locks to the Property (which has never belonged to him) were changed twice "without his permission." None of these facts implicate First Federal in any sort of wrongdoing; in fact, First Federal is not alleged to have taken any action at all with respect to these allegations. First Federal owns the Property and is therefore entitled to its possession. As a matter of law, a foreclosure sale extinguishes all junior interests, including possessory interests. Conversely, Ashley failed to allege that he possessed any interest in the Property.

B. Similar Cases in the Southern District

Ashley's Complaint bears all the hallmarks of a recent wave of substantially similar frivolous complaints which have been brought against lenders by *pro se* litigants. See Sneed, supra, Exhibit "A" to RJN. First Federal first became aware of this pattern after Ms. Sneed filed her complaint. Multiple plaintiffs have filed substantially similar complaints in the Southern District of California, each of them relying on similarly invalid points of law, and each using almost identically indecipherable jargon. See Pope v. Countrywide Home Loans, et al., 07 CV 925, Complaint attached as Exhibit "C" to RJN; and Belle v. Chase Home Finance LLC et al., 06 CV 2454, Complaint attached as Exhibit "D" to RJN.

In each of these complaints, including the present Complaint, the plaintiffs allege securities counterfeiting, cite international treaties (including the Treaty of the United Nations, the Universal Declarations of Human Rights, and the International

Bill of Rights,), and seek the enforcement of criminal code provisions against lenders. Likewise, these complaints are all virtually incomprehensible. All of them have been dismissed.

These cases were dismissed due to the deficiencies in these complaints. See Order Dismissing First Federal from Sneed, Exhibit "E" to RJN; Order Dismissing Pope, Exhibit "F" to RJN; and Order Dismissing Belle, Exhibit "G" to RJN. While First Federal recognizes that this Court is not bound by these decisions, it respectfully requests the Court to consider their persuasive authority given the similarity of these cases. Ashley's Complaint is similarly flawed, but unlike these complaints, Ashley is not even a borrower. In fact, Ashley has never owned the Property.

C. Ashley's Claims

Ashley's claims are conclusory, and do not work with the facts he has alleged to support his legal theories. Ashley, as a private citizen, has no standing to bring many of his claims against First Federal, such as "domestic mixed war," treason, malfeasance and non-bonded agent. Further, most (if not all) of these claims are not cognizable as a matter of law. Other claims Ashley brings against First Federal, such as criminal trespass, Racketeer Influenced and Corrupt Organizations ("RICO") violations, and his many various contractual claims are not claims which Ashley can possibly support: First Federal owns the Property, and cannot trespass upon it. Ashley has failed to allege the existence of an enterprise or even an unlawful purpose, much less specific facts to support these claims, and therefore his RICO claim is unjustified. Ashley has failed to allege the existence of any contract between himself and First Federal, and has also failed to allege any facts showing that a waiver of any contractual right has occurred, or that any violation of the multiple UCC sections he cites has occurred in any instance.

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EXHIBIT H
PAGE 97

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

## III.

## STANDARD OF REVIEW

A. Federal Rule of Civil Procedure 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." FED. R. CIV. P. 8(e)(1). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). A complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965).

B. Federal Rule of Civil Procedure 12(b)(6)

A Complaint is appropriately dismissed when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

A Rule 12(b)(6) motion may take into consideration the exhibits and matters subject to judicial notice, and how they refute conclusory allegations of a complaint:

EXHIBIT H
PAGE 98

The court need not...accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

C. Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) authorizes a defendant to move for a more definite statement if the complaint "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" FED. R. CIV. PROC. 12(e). A complaint must provide the defendant with a sufficient basis to frame a responsive pleading. Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988). Generally, the court will require a more definite statement when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Delta Educ., Inc. v. Langlois, 719 F.Supp. 42, 50 (D.N.H. 1989); Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading.").

IV.

## ASHLEY'S CLAIMS ARE NOT COGNIZABLE LEGAL CLAIMS

Ashley has made a litany of allegations against First Federal which are unsupported by any act of Congress or pendant common law tort or contract claim recognized in the state of California. Claims which are factually or legally impossible for a *pro se* plaintiff to prove are properly terminated, as "a court may dismiss a *pro se* litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

this defect cannot be cured by amendment." Moore v. United States, 193 F.R.D. 647, 651 (N.D. Cal. 2000) (emphasis added).

Ashley has alleged that First Federal has committed acts of treason, "domestic mixed war," and malfeasance, and additionally alleged that First Federal acted as a "non-bonded agent." The facts in Ashley's Complaint fail to establish how any of these claims, if true, would affect him. Further, Ashley has failed to identify any act of Congress or other source of law which would give him standing to bring any of these claims in a civil lawsuit.

Treason and is recognized in Article I section 3 of the United States Constitution as an act which can only be committed against the United States. Likewise, only Congress has the power to declare war. U.S. CONST. ART. I, § 8. Ashley has not alleged that Congress has either declared war against First Federal, or given standing to private parties to sue for treason.

Ashley's claim of malfeasance is only supported by his allegation that First Federal has committed "misconduct in office." First Federal cannot possibly hold any public office, as it is a federal bank, and Ashley has not even alleged which private office First Federal holds, much less how its actions in office have legally damaged him. Ashley claims that First Federal has somehow committed an act against the people of California, "International Communities," and "Universal Declaration of Human Rights" by acting as a "non-bonded agent," or what this even means. Ashley has failed to allege how he has standing to claim that he has been personally damaged by First Federal's actions as a "non-bonded agent." Further, Ashley has failed to establish how First Federal's actions as a non-bonded agent give rise to any claim recognized under common law or Congressional act.

None of these claims could ever be brought as a cognizable legal claim by an individual. It is impossible for Ashley to replead these claims in a manner that could entitle him to relief. Therefore, these claims should be dismissed pursuant to Rule 12(b)(6).

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

V.

**ASHLEY LACKS STANDING AND CANNOT POSSIBLY ALLEGE THE REQUISITE FACTS TO ESTABLISH ANY OF THE ELEMENTS OF THE CLAIMS HE HAS ASSERTED AGAINST FIRST FEDERAL**

A. First Federal Cannot Have Committed a Trespass of Any Kind Against Ashley

Ashley has alleged, without any factual foundation, that First Federal has committed some sort of trespass. A trespass is the unlawful interference with another's possession of property. Girard v. Ball (1981) 125 Cal.App.3d 772, 788.

First Federal is the rightful title holder to the Property. See Deed, Exhibit "C" to RJN. The Property is the only property mentioned in the Complaint. As such, it is impossible for Ashley to successfully plead trespass, as First Federal cannot trespass upon land that it owns. Ashley has not even alleged that he has any right to possession of the Property. Ashley has no possible hope of reviving this claim against First Federal and therefore this claim should be dismissed with prejudice. See Moore, supra.

B. Ashley Has Failed to Plead Any Facts or Law Which Support His RICO and RICO Conspiracy Claims

Ashley has failed to allege any facts exist which could possibly sustain his RICO conspiracy claim against First Federal. Rather, he has alleged that First Federal and others have raised revenue by fraud and extortion, and "theft of exemption and the general public at large." He further claims that First Federal has counterfeited securities under a RICO enterprise.

As a preliminary matter, civil RICO is a form of fraud and any claim of a RICO violation must be plead with particularity. FED. RUL. CIV. PROC. 9(b); Alan Neuman Productions, Inc. v. Alrbright, 862 F.2d 1388, 1392 (9th Cir. 1988). Ashley has not claimed that First Federal has engaged in a pattern of unlawful

activity or a collection of unlawful debt. 18 U.S.C. § 1962(b). Likewise, he has not complied with the more specific pleading formalities of RICO, which require that Ashley "must state the time, place, and specific content of the false representations as well as the identities of the parties to the litigation." Schreiber Distributing Co. v. Serv-Well Furniture Co. Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

Ashley has additionally alleged, without any specificity, that First Federal has counterfeited securities. Ashley fails to explain what security he believes First Federal counterfeited or how that alleged counterfeiting damaged him. Nor does Ashley allege any facts regarding when or where the alleged counterfeiting occurred. Moreover, the code sections to which Ashley has cited are only applicable as criminal penalties. See Complaint at 8,citing to Title 18 of the U.S. Code. Nowhere in the Complaint does Ashley identify the act of Congress that vests him with a private right of civil action to pursue a counterfeiting claim.

Ashley has made no specific statements of fact to show exactly how First Federal has violated RICO. His RICO claims are conclusory, and assume that First Federal has violated and conspired to violate the substantive provisions of RICO without alleging any facts to support this proposition. The only allegation he makes in support of RICO violations is the criminal counterfeiting of securities, an act for which he has no standing to sue. He has cited no law in support of his claim that First Federal has violated RICO. His RICO allegations are bare legal conclusions and are wholly without merit. Therefore, his RICO and RICO conspiracy claims should be dismissed pursuant to Rule 12(b)(6).

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

C. <u>Ashley Has Failed to Allege the Existence of Any Contract Between Himself and First Federal, and Therefore First Federal Cannot Have Committed the Contractual Violations Alleged in the Complaint</u>

Ashley has alleged that First Federal has committed several various contractual violations, including the waiver of contractual right, and various UCC provisions. Yet Ashley has failed to allege that he and First Federal have a contractual relationship, nor has he attached any contract evidencing this relationship.

Unsurprisingly, Ashley cites no facts to support his claim that First Federal has waived a contractual right. In fact, the language in this claim appears to be a boilerplate non-waiver of contractual right clause which would appear in a contract. The language of this provision would militate against First Federal having waived any contractual rights it would have against Ashley, stating that "[t]he failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that Party's right [sic] agreement." <u>See</u> Complaint, p. 8. Ashley has admitted in this section of the Complaint that it is impossible for First Federal to have waived any contractual right, foreclosing the possibility that he may replead this claim with any hope of success. Therefore, this claim should be dismissed with prejudice.

The Complaint also refers to several Uniform Commercial Code ("UCC") provisions which Ashley believes First Federal has violated. These provisions include UCC 3-103, 403, 1-201, and 1-105. However, Ashley has not alleged at any point in the Complaint that any contract existed between himself and First Federal. Moreover, he has not alleged any facts at all in support of these alleged UCC violations. Further, the UCC is restricted to commercial transactions, and does not affect real property. UCC 1-102, 3-102(a), and 4-102. Therefore, these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

D. Ashley Has No Right to Bring the Criminal Code Violations Alleged in the Complaint

At the end of his Complaint, Ashley demands payment of one billion dollars for various "crimes" First Federal has committed against him, in addition to an unidentified human rights violation. See Complaint, p. 9. As he has done throughout the Complaint, Ashley has omitted any facts in support of this claim.

In support of his rights under the various criminal claims he has brought against First Federal, Ashley cites exclusively to provisions of Title 18 of the United States Code, which provides for criminal penalties. See Complaint, p. 9 (citing to 18 U.S.C. §§ 241, 872, 1001, 1963, 3571, and 3623). None of these provisions provide a civil right of recovery to claimants. Since these claims cannot possibly provide relief to Ashley, his claims against First Federal should be dismissed under Federal Rule of Civil Procedure 12(b)(6). See Moore, supra.

E. Ashley Has Not Alleged Any Human Rights or Constitutional Violations Against First Federal

In addition to his demands under criminal law, Ashley alleges that First Federal and others have subjected him to "100 Constitutional Violations (150 Human Rights Violation)," totaling $100 million in damages. See Complaint, p. 10. Ashley alleges these violations for the first time at the end of his Complaint, and offers no facts in support of these hopelessly vague allegations. These allegations are conclusory in their entirety, and cannot form a basis for relief. As such, these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

## VI.

## IF THE COURT DOES NOT DISMISS THE COMPLAINT AS TO FIRST FEDERAL, ASHLEY SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT

Should the Court decide not to dismiss this case, First Federal requests that Ashley be ordered to provide a more definite statement. Federal Rule of Civil Procedure 12(e) authorizes the Court to order a plaintiff to provide a more definite statement if portions of a complaint are so vague and ambiguous that the defendants cannot reasonably frame a responsive pleading.

First Federal will be prejudiced if it is forced to respond to the vague allegations in this Complaint under the disclosure requirements of Federal Rule of Civil Procedure 26. Therefore, if the Complaint is not dismissed, First Federal requests that the Court require Ashley to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## VII.

## CONCLUSION

For the foregoing reasons, First Federal respectfully requests that the Court dismiss this action in its entirety with prejudice or, in the alternative, that the Court order Ashley to provide a more definite statement.

EPPORT, RICHMAN & ROBBINS, LLP

By: [signature]
CHRISTOPHER NELSON
Attorneys for First Federal Bank of California



EXHIBIT H
PAGE 105

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 800, Los Angeles, California 90067-2512.

On December 6, 2007, I served true copies of the following document(s) described as on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Epport, Richman & Robbins, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 6, 2007, at Los Angeles, California.

Mae T. Sasina

**SERVICE LIST**
**SNEED v. CHASE HOME FINANCE LLC, et al.**
**CASE NO. 3:07-cv-00729-LAB-AJB**

| | |
|---|---|
| Charlette Sneed<br>640 Pyramid Street<br>San Diego, California 92114 | *In Pro Per* |
| J. Barrett Marum<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway, 19th Floor<br>San Diego, California 92101-3598 | *Attorney for Defendant Chase Home Finance LLC* |
| Sanford Shatz<br>Countrywide Home Loans Inc.<br>5220 Las Virgenes Road<br>MSAC 11<br>Calabasas, California 91302-1613 | *Defendant* |

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**SERVICE LIST**
**POPE v. COUNTRYWIDE HOME LOANS, et al.**
**CASE NO. 3:07-cv-00925-JLS-AJB**

| | |
|---|---|
| Catherine Pope<br>1224 Weaver Street<br>San Diego, California 92114 | *In Pro Per* |
| Sanford Shatz<br>Countrywide Home Loans Inc.<br>5220 Las Virgenes Road<br>MSAC 11<br>Calabasas, California 91302-1613 | *Defendant* |
| Michael B. Wilson<br>Kralik & Associates<br>560 North Sierra Madre Villa Avenue<br>Suite 302<br>Pasadena, California 91107 | *Attorney for Defendant Indymac Bank* |
| Peter J. Salmon<br>Pite Duncan, LLP<br>P.O. Box 12289<br>El Cajon, California 92022-2289 | *Attorney for Defendant Ohio Saving Bank* |

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

**SERVICE LIST**
**ASHLEY v. FIRST FEDERAL BANK OF CALIFORNIA**
**Case No. 07 CV 2123**

Benjamin Ashley
7107 Broadway Avenue, #277
Lemon Grove, California 91945

*In Pro Per*

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787