UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ASHLEY,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT OF FIRST FEDERAL BANK, et al.,<br><br>Defendants. | Civil No. 07cv2123-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING THE ACTION** |

Plaintiff Benjamin Ashley ("Plaintiff") filed the present action against President of First Federal Bank, Vice President of First Federal Bank, Rob Buchan, Patricia Murray, Deutsche Bank National Trust and Associates, Los Angeles Police Department, and First Federal Bank of California ("Defendants") on November 6, 2007. Plaintiff apparently alleges that this is a "criminal complaint," and that Defendants are guilty of "Criminal Trespassing / Violations of International Protocols and the law of the Nations / Law of Merchants / [and] Human Rights Violations." On November 26, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint. [Doc. No. 3] At the outset, the Court notes that this Motion is premature since the Court has not yet ruled on Plaintiff's Motion to Proceed *In Forma Pauperis*. [Doc. No. 2] Because the Court denies Plaintiff's request to proceed *in forma pauperis* and dismisses this action, Defendants' Motion is denied as moot.

## I. Motion to Proceed *In Forma Pauperis*

Plaintiff is not entitled to proceed the *in forma pauperis*. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under §1915(a), the court may authorize the commencement of an action without prepayment of fees if the plaintiff submits an affidavit, including a statement of all her assets, showing that she is unable to pay the filing fee.

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

In the declaration submitted in support of his Motion to Proceed *in Forma Pauperis*, Plaintiff failed to provide sufficient information, which would enable the Court to adjudicate his motion. Therefore, Plaintiff's motion to proceed *in forma pauperis* is denied.

## II. Dismissal of the Complaint

Even if the Court were to grant Plaintiff's Motion to Proceed *In Forma Pauperis*, the Court would dismiss Plaintiff's Complaint because it is legally insufficient and is not supported by federal jurisdiction. A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130-31 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Under Federal Rule of Civil Procedure 8(a), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must "set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). Having reviewed Plaintiff's complaint, this Court finds that the pleading has failed to state cognizable claims for relief. *Id.*

The legal sufficiency of a complaint is tested under the Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nevertheless, *pro se* litigants are not "excused from knowing the most basic pleading requirements." *American Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001). Furthermore, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Here, although not entirely clear, Plaintiff seems to suggest that Defendants acted as "co-conspirators" and committed some form of "criminal acts." After carefully reviewing Plaintiff's complaint, the Court concludes that Plaintiff has made no allegations, which would support a finding of subject matter jurisdiction in this case.

Federal courts have limited jurisdictional power, and, therefore, are under a continuing duty to confirm their subject matter jurisdiction over a particular case before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94

(*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Because Plaintiff failed to state a cognizable claim upon which relief can be granted, the Court would dismiss this action.

**CONCLUSION**

Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, the Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: December 17, 2007

Hon. Roger T. Benitez
United States District Judge